IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 5:14-cv-801** |
| **TAPRITE FASSCO MANUFACTURING, INC.,** | § § § | **C OMPLAINT** <br> **JURY TRIAL DEMAND** |
| **Defendant.** | § | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to collect back wages due to Eloisa Schlaff as a result of such unlawful payments, and to correct unlawful employment practices on the basis of sex and retaliation.

This is also an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Eloisa Schlaff, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Taprite Fassco Manufacturing, Inc. ("Taprite"), paid Eloisa Schlaff, a quality control inspector, wages which were less than it paid to a male who performed the same or substantially equal work. The EEOC further alleges that Defendant, Taprite, discriminated against Eloisa Schlaff by disciplining and demoting her in

retaliation for her complaints of sex-based pay discrimination, all in violation of Title VII and EPA.

The EEOC further alleges that Defendant, Taprite, discriminated against Eloisa Schlaff in violation of the ADA by ignoring, rejecting and denying her requests for reasonable accommodation(s) for her disabilities of arthritis and carpel tunnel syndrome, although an accommodation would not have resulted in undue hardship to the employer.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to:

   a.      Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C., §§ 216(c) and 217, to enforce the requirements of the EPA, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d);

   b.      Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and

   c.      Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3.      Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the EPA, Title VII and the ADA, and is expressly authorized to bring this action by:

   a.      Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705;

b.      Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3); and

c.      Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and 3.

4.      At all relevant times, Defendant, Taprite, has continuously been a Texas corporation, doing business in the State of Texas and the City of San Antonio, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant, Taprite, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant, Taprite, also has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant, Taprite, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      At all relevant times, Defendant, Taprite, has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.      At all relevant times, Defendant, Taprite, has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise

has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, Eloisa Schlaff filed a charge with the EEOC alleging violations of the EPA, Title VII and the ADA by Defendant, Taprite.  All conditions precedent to the institution of this lawsuit have been fulfilled.

### *EPA – Wages*

10.      Since at least February 27, 2012, Defendant, Taprite, has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to Eloisa Schlaff, than it paid to the male employees in the same establishment for substantially equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

11.      As a result of the actions complained of in paragraph 10 above, Defendant, Taprite, unlawfully withheld the payment of wages due to Eloisa Schlaff.

12.      The unlawful practices complained of in paragraph 10 above were willful.

### *Title VII – Wages*

13.      Since at least February 27, 2012, Defendant, Taprite, has engaged in unlawful employment practices at its San Antonio, Texas facility, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §2000e–2(a)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Specifically, Defendant, Taprite, subjected Eloisa Schlaff who worked as a quality control inspector, to discrimination by paying her lower wages than it paid to similarly situated male employees, including Stephen Rodriguez, in the same positions or performing the same or substantially similar work, based on sex, female.

Original Complaint                                                                                          4

14.     The effect of the practices complained of in paragraph 13 above has been to deprive Eloisa Schlaff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

15.     The unlawful employment practices complained of in paragraph 13 were intentional.

16.     The unlawful employment practices complained of in paragraph 13 above were done with malice and/or with reckless indifference to the federally protected rights of Eloisa Schlaff.

### *Title VII and EPA - Retaliation*

17.     Since at least May 2012, Defendant, Taprite, engaged in unlawful employment practices at its San Antonio, Texas facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by disciplining, demoting and lowering Eloisa Schlaff's pay because she opposed employment practices made unlawful by Title VII and the EPA by raising concerns with management that female employees were not receiving pay raises and questioning management as to why female employees were being less than male employees.  In particular, Eloisa Schlaff opposed gender-based pay discrimination by complaining to members of management that Taprite, was paying her lower wages than paid to male employee who performed the same or substantially similar work, because of her sex, female.   The EEOC alleges that Defendant, Taprite, disciplined, demoted and lowered Eloisa Schlaff's pay because of this  statutorily-protected activity in opposition to what she reasonably believed to be unlawful employment practices..

18.     The effect of the practice complained of in paragraph 17 above has been to deprive Eloisa Schlaff of equal employment opportunities and otherwise adversely affect her

status as an employee because of her opposition to practices made unlawful by Title VII and the EPA.

19.     The unlawful employment practices complained of in paragraph 17 above were intentional.

20.     The unlawful employment practices complained of in paragraph 17 above were done with malice or with reckless indifference to the federally protected rights of Eloisa Schlaff.

*ADA Claim*

21.     Eloisa Schlaff suffers from rheumatoid arthritis and carpal tunnel syndrome, chronic physiological disorders or conditions that substantially limit her immune and musculoskeletal systems, including impairments which limit her ability to perform manual tasks such as lifting, twisting with hands, pushing, pulling, and performing repetitive hand motions.

22.     While employed as an assembler,  Eloisa Schlaff informed Defendant that she had been diagnosed with carpel tunnel syndrome and arthritis and that the impairments interfered with her ability to perform assembly work.

23.      After being promoted to the position of quality control inspector, Eloisa Schlaff satisfactorily performed the duties of that job for Defendant, Taprite, for over ten years.

24.     During May 2012, Defendant, Taprite, demoted Eloisa Schlaff to an assembler position which required repetitive motion.   Eloisa Schlaff began to experience severe pain and swelling in her hands caused by the repetitive motion work she was performing as an assembler.

25.     Without an accommodation, Eloisa Schlaff's arthritis and carpel tunnel syndrome prevented her from performing the essential functions of work as an assembler.

26.     Defendant, Taprite, refused reasonable requests from Eloisa Schlaff to modify her work assignment in a way that would permit her to continue working, and also denied Ms.

Original Complaint                                                                                              6

Schlaff's subsequent requests to reassign her to work that she could perform, such as her previous position of quality control inspector, in order to accommodate her disabilities.

27.     Since at least May 2012, Defendant, Taprite, engaged in unlawful employment practices at its San Antonio, Texas facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.,* by failing to provide a reasonable accommodation to the disabilities of Eloisa Schlaff.  These acts or omissions by the Defendant ultimately resulted in Ms. Schlaff's placement on unpaid leave.

28.     The effect of the practices complained of in paragraph 27 above has been to deprive Eloisa Schlaff of equal employment opportunities and to otherwise adversely affect her status as an employee on the basis of her disabilities, specifically her arthritis and carpal tunnel syndrome.

29.     The unlawful employment practices complained of in paragraph 27 above were intentional.

30.     The unlawful employment practices complained of in paragraph 27 above were done with malice or with reckless indifference to Eloisa Schlaff's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, Taprite, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from paying lesser wages to female employees than male employees because of their sex, and from discriminating within any of their establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which they pay wages to

employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions;

B.      Grant a permanent injunction enjoining Defendant, Taprite, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any form of retaliation for engaging in conduct protected by Title VII and/or the EPA;

C.      Grant a permanent injunction enjoining Defendant, Taprite, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; and (2) engaging in any other employment practice which discriminates on the basis of disability;

D.      Order Defendant, Taprite, to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past unlawful employment practices including, but not limited to, raising the level of compensation for female quality control inspectors to the level received by male quality control inspectors;

E.      Order Defendant, Taprite, to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals who participate in Title VII and/or EPA protected activity, and which eradicate the effects of its past and present unlawful employment practices;

F.      Order Defendant, Taprite, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

Original Complaint                                                                                                   8

disabilities, and which eradicate the effects of its past and present unlawful employment practices;

G.      Order Defendant, Taprite, to make whole Eloisa Schlaff, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to rightful place reinstatement or front pay in lieu thereof;

H.      Order Defendant, Taprite, to make whole Eloisa Schlaff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13, 17 and 27 above in amounts to be determined at trial;

I.      Order Defendant, Taprite, to make whole Eloisa Schlaff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13, 17 and 27 above, including but not limited to emotional pain, suffering, inconvenience, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

J.      Order Defendant, Taprite, to pay Eloisa Schlaff punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Schlaff's federally protected rights, as described in paragraphs 13, 17 and 28 above, in an amount to be determined at trial;

K.      Grant a judgment requiring Defendant, Taprite, to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Eloisa Schlaff whose wages were unlawfully withheld as a result of the acts complained of in paragraph 10 above;

L.      Grant such further relief as the Court deems necessary and proper in the public interest; and

M.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ David Rivela
by permission of Robert A. Canino
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ David Rivela
_____
DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**